EDMUND G. BROWN JR. Attorney General MARC J. NOLAN Deputy Attorney General
THE HONORABLE JAMES F. PENMAN, PROSECUTING CITY ATTORNEY FOR THE CITY OF SAN BERNARDINO, has requested an opinion on the following question:
May a badge that resembles a peace officer's badge be provided to and displayed by a public employee who is not a peace officer, but who has been granted limited peace officer powers in order to perform his or her official duties, for use as identification in the course and scope of those official duties? *Page 2 
 CONCLUSION
A badge that resembles a peace officer's badge may be provided to and displayed by a public employee who is not a peace officer, but who has been granted limited peace officer powers in order to perform his or her official duties, for use as identification in the course and scope of those official duties, provided that the badge accurately identifies the public employee by his or her specific limited-powers position.
 ANALYSIS
In 2007, we concluded that giving an honorary badge to a private citizen who has no peace officer authority would violate California law, specifically Penal Code section 538d(c), [1] if the badge so closely resembles a genuine peace officer badge that it is likely to deceive "an ordinary reasonable person" into believing that the holder is a peace officer.[2] In that opinion, we noted that the gift of such a badge does not confer peace officer status on the recipient, nor does it give him or her any of the authority or powers of a peace officer.[3] The question now arises how our 2007 opinion would affect, if at all, public employees or officers who are not classified as "peace officers," but who nonetheless possess limited peace officer powers. *Page 3 
In the case at hand, a charter city has authorized a number of its employees to exercise limited peace officer powers pursuant to Penal Code section 836.5.[4] Among them are environmental control officers, the director of water reclamation, environmental control technicians, city attorney investigators, parking district security officers, code compliance officers, refuse field inspectors, the director of animal control, animal license checkers, animal shelter attendants, animal health technicians, animal control officers, business license inspectors, and parking enforcement officers. The city has granted all of the designated classifications the authority to issue citations for violations of the laws they are charged with enforcing, and has granted many (but not all) of them the authority to make arrests for such violations.[5] In light of our 2007 opinion, we are asked whether these employees may properly possess and display badges that resemble those issued to full-status peace officers. For the reasons that follow, we conclude that such badges may be provided to and displayed by these limited-powers officers for use in the course and scope of their duties.
We have previously distinguished between attaining the status of a peace officer versus securing the authority to exercise peace officerpowers, such as the power to arrest, issue citations, serve search warrants, or carry a concealed weapon.[6] On the one *Page 4 
hand, attaining peace officer status, and with it the general authority and responsibility to enforce all laws, depends upon appointment to a statutorily-defined peace officer position, such as a local police officer or sheriff's deputy.[7] On the other hand, there are certain categories of public employees and officers who do not occupy statutorily-defined peace officer positions, but who may exercise only those peace officer powers deemed necessary for the performance of their duties.[8] This opinion is concerned with members of this latter group.
Several provisions of the Penal Code and other codes prohibit the fraudulent impersonation or attempted impersonation of peace officers and other public officers.[9] For purposes of this opinion, however, we will assume that the limited-powers officers in question will not be impersonating anyone, but will instead use their badges only for the purpose of truthfully representing themselves as officers with limited powers. We will also assume that the badges these officers display will accurately identify them by their specific limited-powers positions, but we recognize that, to a member of the general public who is not familiar with the legal distinction between peace officer status and peace officerpowers, a badge of this sort might reasonably appear to be the badge of a full-status peace officer.[10] Acting on these assumptions, then, we find that the only statutory provision that might prohibit these limited-powers officers from using such badges is Penal Code section538d(c), which defines a badge-related offense that does not require a fraudulent intent to impersonate.[11] Section 538d(c) provides in relevant part: *Page 5 
 Any person who willfully wears, exhibits, or uses, or who willfully makes, sells, loans, gives, or transfers to another, any badge, insignia, emblem, device, or any label, certificate, card, or writing, which falsely purports to be authorized for the use of one who by law is given the authority of a peace officer, or which so resembles the authorized badge, insignia, emblem, device, label, certificate, card, or writing of a peace officer as would deceive an ordinary reasonable person into believing that it is authorized for the use of one who by law is given the authority of a peace officer, is guilty of a misdemeanor. . . .[12]
To interpret the cited language, we use accepted principles of statutory construction. Our overriding purpose is to ascertain the intent of the Legislature in order to effectuate the true purpose of the law. In doing so, we look first to the plain language of the statute and try to give effect to the usual, ordinary meaning of the words, at the same time not rendering any language mere surplusage.[13]
Examining the plain language of section 538d(c), we see that the statute addresses itself not only to those who deceive others into believing that the badge-holder is a "peace officer," but also to those who deceive others into believing that the badge-holder has "theauthority of" a peace officer. The phrase "one who by law is given the authority of a peace officer" has existed in the statute since it was enacted in 1945.[14] We believe that the phrase must be interpreted to include not only full-status peace officers, but also those who have been "given the authority of" a peace officer, even though they are not appointed to statutorily-defined peace officer positions. To conclude otherwise would render the phrase "given the authority of" mere surplusage, which is an interpretation that we must avoid.[15]
Furthermore, with respect to peace officer powers, the Legislature has repeatedly made precise and detailed distinctions between those who have full peace officer status and those who have only the authority to exercise limited peace officer powers, [16] so we may reasonably conclude that the more expansive phrase was used *Page 6 
deliberately here. In short, the statute prohibits the display of a badge that falsely represents the bearer to have the authority of a peace officer, whether or not the bearer is a full-status peace officer. It follows that the law permits the display of a badge that truthfully
represents the bearer to have the authority of a peace officer, whether or not the bearer is a full-status peace officer.
If there were any doubt about the validity of this construction, we believe that a review of the relevant legislative history would lay it to rest.[17] Significantly, the 1945 bill that gave rise to the statute was amended to change the original, unmodified phrase "peace officer" to the more expansive phrase "one who by law is given the authority of a peace officer."[18] In addition, legislative committee reports pertaining to recent amendments[19] show that the statute is intended to protect the public from people falsely asserting peace officer authority because, among other dangers, such deceptions can facilitate home-invasion robberies, false imprisonment, and child molestation.[20]
As a practical matter, there is no need to protect the public from legitimate limited-powers officers identifying themselves in the course and scope of their duties. Indeed, a contrary interpretation of the statute would frustrate the public's ability to confirm the identity of limited-powers officers who are acting within their legal authority, and could thereby frustrate these officers in the performance of their official duties.[21] "In the end, we must select the construction that comports most closely with the apparent intent of the Legislature, with a view to promoting rather than defeating the general purpose of the *Page 7 
statute, and avoid an interpretation that would lead to absurd consequences."[22] We are confident that our construction of section 538d(c) is consistent with this approach.
Finally, we note that our reasoning is not limited to public officers or employees who derive their peace officer authority from Penal Code section 836.5. For example, we are told that the animal control officers at issue in this request are granted their citation and arrest powers under Penal Code section 830.9. Our reasoning and conclusions apply equally to them, and to other limited-powers officers who are similarly situated.[23]
Therefore, we conclude that a badge that resembles a peace officer's badge may be provided to and displayed by a public employee who is not a peace officer, but who has been granted limited peace officer powers in order to perform his or her official duties, for use as identification in the course and scope of those official duties, provided that the badge accurately identifies the public employee by his or her specific limited-powers position.
[1] Penal Code section 538d(c) states:
 Any person who willfully wears, exhibits, or uses, or who willfully makes, sells, loans, gives, or transfers to another, any badge, insignia, emblem, device, or any label, certificate, card, or writing, which falsely purports to be authorized for the use of one who by law is given the authority of a peace officer, or which so resembles the authorized badge, insignia, emblem, device, label, certificate, card, or writing of a peace officer as would deceive an ordinary reasonable person into believing that it is authorized for the use of one who by law is given the authority of a peace officer, is guilty of a misdemeanor, except that any person who makes or sells any badge under the circumstances described in this subdivision is subject to a fine not to exceed fifteen thousand dollars ($15,000).
[2] 90 Ops.Cal.Atty.Gen. 57, 64 (2007), employing the terminology of Penal Code section 538d(c).
[3] Id. at 64-66.
[4] Penal Code section 836.5 states, in relevant part:
 (a) A public officer or employee, when authorized by ordinance, may arrest a person without a warrant whenever the officer or employee has reasonable cause to believe that the person to be arrested has committed a misdemeanor in the presence of the officer or employee that is a violation of a statute or ordinance that the officer or employee has the duty to enforce.
 . . . (d) The governing body of a local agency, by ordinance, may authorize its officers and employees who have the duty to enforce a statute or ordinance to arrest persons for violations of the statute or ordinance as provided in subdivision (a).
[5] The animal control officers listed above actually derive their citation and arrest authority under Penal Code section 830.9. However, as discussed below, the distinction is not material to our ultimate conclusion.
[6] See 86 Ops.Cal.Atty.Gen. 112, 113-115 (2003);85 Ops.Cal.Atty.Gen. 203, 207 (2002); 80 Ops.Cal.Atty.Gen. 293, 294-295
(1997); see also 51 Ops.Cal.Atty.Gen. 110, 112 (1968).
[7] See Pen. Code §§ 830.1-830.6. Peace officers must also undergo and pass an appropriate course of training before they may actually exercise peace officer powers. See 85 Ops.Cal.Atty.Gen. at 207-209;80 Ops.Cal.Atty.Gen. at 296-297.
[8] See, e.g., Pen. Code §§ 830.7, 830.8, 830.9, 830.11, 836.5; seealso Corp. Code § 14502. Again, any applicable training requirements must be met in order to exercise the particular peace officer powers granted.
[9] See, e.g., Pen. Code §§ 146a-146d, 538d(a), (b)(1), (b)(2); Veh. Code § 27.
[10] The request for this legal opinion states that the charter city in question issues badges to its limited-powers officers that clearly designate the title of the officer's position (e.g., "Code Compliance Officer"), but that the badges could reasonably be mistaken as peace officer badges.
[11] As mentioned earlier, we have previously construed section 538d(c) as prohibiting the issuance of a deceptive badge to a private citizen who has no peace officer powers. 90 Ops.Cal.Atty.Gen. at 64.
[12] Emphasis added.
[13] Pang v. Beverly Hosp., Inc., 79 Cal. App. 4th 986, 994
(2000); see Pasadena Metro Blue Line Const. Auth. v. P. Bell Tel. Co.,140 Cal. App. 4th 658, 663-664 (2006).
[14] 1945 Stat., ch. 1274, § 1.
[15] Goodman v. Williams, 107 Cal. App. 4th 294, 301 (2003);Pang, 79 Cal. App. 4th at 994.
[16] See Pen. Code §§ 830-832.9, 836.5.
[17] See Day v. City of Fontana, 25 Cal. 4th 268, 272 (2001) (where statute's terms are ambiguous, legislative history can aid in understanding Legislature's intent).
[18] Compare Assembly 1087, 1945 Reg. Sess. (as amended April 24, 1945), with Assembly 1087, 1945 Reg. Sess. (as amended June 8, 1945) and
1945 Stat., ch. 1274, § 1.
[19] 2000 Stat., ch. 430, § 1 (Sen. 1942); 1998 Stat., ch. 279, § 1 (Sen. 1390) (increasing penalties, and adding reference to uniforms as instruments of impersonation).
[20] See Sen. Rules Comm., Office of Sen. Floor Analyses, 3d reading analysis of Sen. 1942, 1999-2000 Reg. Sess. (as amended July 6, 2000); Sen. Comm. on Public Safety, Analysis of Sen. 1942, 1999-2000 Reg. Sess. (as amended March 28, 2000).
[21] For example, Penal Code section 841 requires in most instances that a person making an arrest inform the person to be arrested "of the intention to arrest him, the cause of the arrest, and the authority he orshe has to make it." (Emphasis added.)
[22] Torres v. Parkhouse Tire Servs., 26 Cal. 4th 995, 1003 (2001).
[23] We do distinguish, however, between limited-powers peace officers performing their official duties and private citizens who, under the circumstances described in Penal Code section 837, may legally effect what is often called a "citizen's arrest." Unlike the officers described in this opinion, private citizens who choose to make a citizen's arrest under Penal Code section 837 do not hold any governmental authority deriving from official status or training, so our reasoning regarding the legitimacy of using a peace officer-type badge to assert or confirm such authority does not apply to them. *Page 1